# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                  No. CR 08-1678 JB

HERMAN CHAVEZ,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed February 26, 2010 (Doc. 31). The Court held a sentencing hearing on March 12, 2010. The primary issue is whether the Court should order that Defendant Herman Chavez' federal sentence to run concurrently with his present state sentence and whether both the state and federal sentence will be served in state prison. Because the sentence that Chavez is serving in state prison is lengthy, and involves some of the same events underlying the crime here, the Court will grant his request to run the federal sentence concurrent with the state sentence, and will recommend that the United States Bureau of Prisons allow him to serve both sentences in the New Mexico state prison system.

## PROCEDURAL BACKGROUND

Chavez' sentencing memorandum requests only that his federal sentence and his state sentence run concurrently, and that both be served in the state prison. See Sentencing Memorandum at 1, filed February 26, 2010 (Doc. 31). In Chavez' plea agreement, the United States stipulated that: "At sentencing, the United States will leave the Defendant's request to run the federal term of imprisonment concurrent with the Defendant's state term of imprisonment to the sound discretion

of the Court." Plea Agreement ¶ 9(b), at 5, filed December 23, 2009 (Doc. 28). The United States also stipulated to recommending to the Court a sentence at the low end of the guideline imprisonment range. See Plea Agreement ¶ 9(c), at 5.

Chavez is currently serving a state sentence of twenty-eight years with thirteen-years suspended, to which he agreed in a plea and sentencing agreement. See Sentencing Memorandum at 2. Chavez argues that, because his federal indictment for a crime that occurred in 2007, before the crimes for which he is serving time in state prison, came done after he pled to a lengthy sentence in state court, it would be unfair and against the interests of justice to sentence him to consecutive federal and state sentences. See Sentencing Memorandum at 2-3.

At the sentencing hearing, Cliff McIntyre, Chavez's attorney, argued that, when Chavez agreed to a plea and sentencing agreement in state court, he thought he was consolidating all pending cases against him and receiving a final sentence. See Transcript of Hearing at 3:10-19 (taken March 12, 2010) (McIntyre)("Tr.").[1] Mr. McIntyre stressed that Chavez' state crimes for which he is currently serving time were mostly financial crimes and identity theft, and yet he received a lengthy sentence. See Tr. at 3:19-22 (McIntyre). Mr. McIntyre explained that Chavez' federal indictment arose from Chavez' possession of a firearm, but that Chavez was not in possession with intent to use the firearm to cause anyone harm. See Tr. at 4:10-12 (McIntyre). Rather, Chavez stole a motorcycle that happened to have a rifle strapped to it and was caught within minutes of the theft, which meant that he was in possession of a firearm for about ten minutes, and not intentionally so. See Tr. at 4:12-16 (McIntyre). Assistant United States Attorney Louis E. Valencia stated that the Court has the authority and discretion to either run the entire federal

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

sentence concurrent with the state sentence or run it partially concurrent with the state sentence.  <u>See</u> Tr. at 7:8-14 (Valencia).

## ANALYSIS

The Presentence Investigation Report ("PSR") calculated Chavez' offense level at 21 and his criminal history category at IV, establishing a guideline imprisonment range of 77 to 96 months. The Court notes that Chavez is a convicted felon, with a prior crime of violence, and unlawfully possessed a Winchester-model Ranger 1270-caliber rifle.  The Court has considered the sentencing guideline range established for the applicable category of offense committed by the applicable category of defendant.  In arriving at its sentence, however, the Court has not only taken into account the guidelines, but also other sentencing goals.  The Court believes that the punishment that is set forth in the advisory guidelines is appropriate for this sort of offense, and the Court finds that a sentence of 77 months reflects the seriousness of the offense and promotes respect for the law. The Court also believes that a sentence of 77 months provides just punishment and affords adequate deterrence.  Because Chavez' federal sentence includes supervised release, the Court further finds that the sentence will protect the public and fully embodies the factors set forth in 18 U.S.C. § 3553(a).

The Court will grant Chavez' request that his federal sentence and his state sentence run concurrently.  Pursuant to 18 U.S.C. § 3584, the Court has the authority to order that a federal sentence run concurrently with a prior state sentence already imposed.  <u>See</u> <u>United States v. Williams</u>, 46 F.3d 57, 58 (10th Cir. 1995)("Whether to impose a consecutive or concurrent sentence is a matter within the discretion of the district court."), <u>cert.</u> <u>denied</u>, 116 S. Ct. 92 (1995).  Under U.S.S.G. § 5G1.3,  a district court may sentence a defendant to a term of imprisonment that runs concurrently to any undischarged term of imprisonment to which the defendant is also subject.  <u>See</u>

United States v. Reedy, No. 09-4026, 2009 U.S. App. LEXIS 26080, at *5 (10th Cir. Dec. 1, 2009). The Court will also recommend to the Bureau of Prisons that Chavez serve his time in the state prison system, with one caveat.  If the state prison system releases Chavez before his federal sentence of 77 months has reached completion -- because Chavez' state sentence has expired or because Chavez is paroled from state custody, or otherwise -- the Court orders that Chavez shall be transferred back to the custody of the Bureau of Prisons to serve the remainder of his federal sentence.  The Court believes that, in cooperation with the state, the sentence is reasonable, and is sufficient without being greater than necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act.

**IT IS ORDERED** that Defendant Herman Chavez' request for his federal sentence to run concurrently with his present state sentence and for both sentences to be served in state prison is granted.  The Court sentences Defendant Herman Chavez to 77-months in the custody of the state prison system, with the caveat that if his state prison term expires or he is granted parole before 77 months or otherwise does not fulfill his federal sentence, he shall be transferred to the custody of the Bureau of Prisons.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Gregory J. Fouratt
    United States Attorney
Louis E. Valencia
    Assistant United States Attorney
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Cliff Mark McIntyre
Albuquerque, New Mexico

*Attorney for the Defendant*